**James C. Mahan**
**U.S. District Judge**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BANK OF NEW YORK MELLON, | Case No. 2:17-CV-1891 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| JOHN W. MANN, | |
| Defendant(s). | |

Presently before the court is plaintiff Bank of New York Mellon's (BNYM) motion to remand. (ECF No. 9).

Also before the court is defendant Mann's motion to consolidate cases. (ECF No. 8).

Also before the court is defendant Mann's motion to amend answer. (ECF No. 3). Plaintiff files a response. (ECF No. 10).

Plaintiff has filed the instant action in state court three times. The defendant has removed the action each time. On March 31, 2017, Chief Judge Navarro granted plaintiff's motion to remand. (ECF No. 9 at 23–25). On June 1, 2017, Judge Gordon remanded the case to state court after defendant failed to show cause as to jurisdiction. (ECF No. 9 at 34–35). Notwithstanding these prior orders, defendant filed a third petition for removal.

In order for a federal district court to possess diversity jurisdiction, the party asserting jurisdiction must demonstrate that the amount in controversy requirement has been met. *See* 28 U.S.C. § 1332. Even when complete diversity exists amongst the parties, an action cannot be removed by a "local" defendant, i.e. a defendant who is a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b); *Spencer v. U.S. Dist. Ct.*, 393 F.3d 857, 870 (9th Cir. 2004).

1      As Chief Judge Navarro and Judge Gordon explained in their previous orders, the court does not have subject matter jurisdiction over the action. (*See* ECF No. 9 at 23-25, 34-35). Defendant presents no viable argument for asserting federal question jurisdiction under 28 U.S.C. § 1331. Further, the plaintiff here requests far less than $75,000. Furthermore, the defendant is a citizen of Nevada. Therefore, as has been explained to defendant multiple times, subject matter jurisdiction does not exist on these facts.

     Defendant is a vexatious litigant. His frivolous petitions for removal have been twice remanded, and instead of respecting the prior orders he chose to file an identical frivolous petition for removal. The court hopes that "there be [sic] no more going back and forth from State court to Federal court." (ECF No. 8 at 6). Defendant's conduct appears to be a delay tactic to prevent plaintiff from possession of plaintiff's property. Any further frivolous removals will result in sanctions.

     Accordingly,

     IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion to remand (ECF No. 9) be, and the same hereby is, GRANTED.

     IT IS FURTHER ORDERED that defendant's motion to consolidate cases (ECF No. 8) be, and the same hereby is, DISMISSED as moot.

     IT IS FURTHER ORDERED that defendant's motion to amend answer (ECF No. 3) be, and the same hereby is, DISMISSED as moot.

     DATED August 25, 2017.

                                            UNITED STATES DISTRICT JUDGE